IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY BUSBY, § | | |
| TDCJ-CID NO. 399137, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-0515 | |
| § | | |
| RISSI L. OWENS, et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Roy Busby, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against officials of the TDCJ-CID and the Board of Pardons and Paroles alleging that he was illegally confined.[1] The court will dismiss this action as frivolous.

In 1985 Busby was convicted of attempted capital murder and sentenced to eighteen years in prison. He was paroled, but his parole was revoked in 2007. Busby alleges that he has discharged his sentence. He seeks injunctive relief and compensatory damages of $8,100,000 from each defendant.

When an inmate files a civil rights complaint that challenges the legality of his confinement he must show that the conviction has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. See Heck v. Humphrey, 114

---

[1] Busby was incarcerated when he filed his complaint. Two days later the court received a letter from Busby announcing that he had been released.

S.Ct. 2364, 2372 (1994).  Challenges regarding denial of time credit are subject to Heck's requirement.  Rooding v. Peters, 92 F.3d 578, 580-81 (7th Cir. 1996).  See also Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997).

Busby alleges that there is a time calculation error in his prison records, but he does not demonstrate that the decision regarding his time credit has been overturned by judicial action or a decision by an appropriate tribunal.  Because the remedy he seeks is a termination of his sentence, he must file a habeas petition.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing, Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

Busby has not alleged that he has sought relief in the state courts as is required by 28 U.S.C. § 2254 before filing a federal habeas petition.  This action is frivolous because it lacks an arguable basis in law.  Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  It will be dismissed without prejudice to refiling when Busby is able to comply with the Heck requirements.  Clarke, 154 F.3d at 191.

Busby has submitted a TDCJ-CID Inmate Trust Fund data sheet, which this court construes to be an Application to Proceed In Forma Pauperis.  The Application shall be granted.  Busby shall pay $350.00, the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall collect this amount from Busby's trust account by deducting 20% from each

deposit to the account and forward the money to the court in accordance with § 1915(b). No initial partial fee shall be collected because the data sheet indicates that there were no funds in Busby's account when the pauper's application was filed, and it appears that Busby is no longer incarcerated. The TDCJ-CID Inmate Trust Fund shall start collection efforts when and if Busby is returned to TDCJ-CID.

## Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3. This prisoner civil rights action is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 22nd day of February, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE